# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| TOMS KING (OHIO) LLC | Case No. 23-50001 (AMK) |
| Debtor. | |
| Tax I.D. No. 80-0789126 | |
| In re: | Chapter 11 |
| TOMS KING LLC | Case No. 23-50002 (AMK) |
| Debtor. | |
| Tax I.D. No. 36-4724221 | |
| In re: | Chapter 11 |
| TOMS KING (ILLINOIS) LLC | Case No. 23-50003 (AMK) |
| Debtor. | |
| Tax I.D. No. 80-0789171 | |
| In re: | Chapter 11 |
| TOMS KING (PENN.) LLC | Case No. 23-50004 (AMK) |
| Debtor. | |
| Tax I.D. No. 61-1677148 | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (VIRGINIA) LLC | ) | Case No. 23-50005 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0848226 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (OHIO II) LLC | ) | Case No. 23-50006 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3654081 | ) | |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING III LLC | ) | Case No. 23-50007 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. No EIN Number | ) | |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF THEIR
RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF**

TOMS King (Ohio) LLC and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1. By this Motion, the Debtors seek entry of the Order, directing joint administration of these Chapter 11 Cases for procedural purposes only. The Debtors request that the Court maintain one file and one docket for all of the jointly-administered cases under the case of

TOMS King (Ohio) LLC, and that the Court administer the case under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOMS KING (OHIO) LLC, *et al.*,[1] | ) Case No. 23-50001 (JMK) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) Judge Alan M. Koschik |
| | ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

2. The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors' cases other than the case of TOMS King (Ohio) LLC:

> An order (the "Joint Administration Order") has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: TOMS King (Ohio) LLC; TOMS King LLC; TOMS King (Illinois) LLC; TOMS King (Penn.) LLC; TOMS King (Virginia) LLC; TOMS King (Ohio II) LLC; and TOMS King III LLC. The docket in Case No. 23-50001 should be consulted for all matters affecting this case.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Northern District of Ohio (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order No. 2012-07 from the United States District Court for the Northern District of Ohio, dated April 4, 2012*. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3

The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. Venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The bases for the relief requested in this Motion are section 105 of title 11 of the United States Code ("the Bankruptcy Code") and rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

6. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate and manage their businesses as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Court has not appointed a trustee and the Office of the United States Trustee for the Northern District of Ohio (the "US Trustee") has not yet formed any official committees in these Chapter 11 Cases.

7. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Chapter 11 Cases, are set forth in greater detail in the *Declaration of Daniel F. Dooley in Support of Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration").

## Basis for Relief

8. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may

4

order a joint administration of the estates." Section 105(a) of the Bankruptcy Code also provides the Court with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code."

9. Joint administration is generally non-controversial, and courts in this district routinely order joint administration of related cases. *See e.g.*, *In re Data Cooling Techs. LLC*, No. 17-52170 (AMK) (Bankr. N.D. Ohio Sept. 13, 2017) [Docket No. 29]; *In re Briar Hill Foods, LLC*, No. 17-61892 (RK) (Bankr. N.D. Ohio Aug. 30, 2017) [Docket No. 19]; *In re SCI Direct LLC*, No. 17-61735 (RK) (Bankr. N.D. Ohio Aug. 11, 2017) [Docket No. 34]; *In re Wings of Medina Liquidation, Inc.,* (f/k/a *In re QSL of Medina, Inc.*), No. 15-52722 (AMK) (Bankr. N.D. Ohio Nov. 17, 2015) [Docket No. 23]; *In re Hugo Sand Co.*, No. 11-50492 (MSS) (Bankr. N.D. Ohio Feb. 24, 2011) [Docket No. 24]; *In re Flower Factory*, No. 11-60406 (RK) (Bankr. N.D. Ohio Feb. 18, 2011) [Docket No. 46]; *In re Bucyrus Cmty. Hosp., Inc.*, No. 10-61078 (RK) (Bankr. N.D. Ohio Mar. 23, 2010) [Docket No. 37]; *In re M&M Drying, Ltd.*, No. 08-64058 (RK) (Bankr. N.D. Ohio Dec. 2, 2008) [Docket No. 39]; *In re B&C Corp., Inc.*, No. 09-51455 (MSS) (Bankr. N.D. Ohio Apr. 14, 2009) [Docket No. 28]; *In re NexPak Corp.*, No. 04-63816 (RK) (Bankr. N.D. Ohio July 19, 2004) [Docket No. 34].[1]

10. The seven Debtors in these Chapter 11 Cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. As discussed in the First Day Declaration, the Debtors have highly integrated operations. As such, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these Chapter 11 Cases will affect each and every Debtor. In addition, joint administration will reduce

---

[1] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the US Trustee and all parties in interest to monitor these Chapter 11 Cases with greater ease and efficiency.

11. Joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of the estates. Contemporaneously herewith, the Debtors are filing a motion seeking authority to file a consolidated creditors' matrix because many of the creditors of each of the Debtors likely overlap. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases. Accordingly, the Debtors submit that joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

12. The Debtors will provide notice of this motion to: (a) the Office of the U.S. Trustee for the Northern District of Ohio; (b) the holders of the 30 largest unsecured claims against the Debtors on a consolidated basis; (c) counsel to Bank of America, NA, as senior secured lender, Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road, NE, Atlanta, Georgia 30326 Attn: Frank W. DeBorde and Lisa Wolgast; (d) Burger King and counsel to Burger King, Genovese Joblove & Battista, P.A., Attn. Paul J. Battista, 100 Southeast Second Street, Suite 4400, Miami, Florida 33131; (e) counsel to the equity holder, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Street, New York, New York 10036, Attn: Sean Southard; (f) all parties asserting liens against the Debtors' assets; (g) counsel to any statutory committee appointed in these cases; (h) the United States Attorney's Office for the Northern District of Ohio; (i) the Internal Revenue Service; (j) the United States Securities and Exchange Commission; (k) the state attorneys general for all states in which the

Debtors conduct business or have conducted business; and (l) any party that requests service pursuant to Bankruptcy Rule 2002. Within two business days after the hearing on the Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

13. No prior request for the relief sought in this motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A** granting the relief requested in this Motion and granting such other relief as the Court deems appropriate under the circumstances.

Dated: January 2, 2023

/s/ *Richard K. Stovall*
**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen (0017513)
Richard K. Stovall (0029978)
James A. Coutinho (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile: (614) 221-5988
Email: allen@ASNAlaw.com
      stovall@ASNAlaw.com
      coutinho@ASNAlaw.com

- and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson ( 0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
      ericka.johnson@wbd-us.com
      morgan.patterson@sbd-us.com
      todd.atkinson@wbd-us.com
      will.curtis@wbd-us.com

*Proposed Counsel to the Debtors and Debtors in Possession*

8

23-50002-amk    Doc 3    FILED 01/02/23    ENTERED 01/02/23 14:16:45    Page 8 of 15

# EXHIBIT A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (OHIO) LLC | ) | Case No. 23-50001 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0789126 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING LLC | ) | Case No. 23-50002 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 36-4724221 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (ILLINOIS) LLC | ) | Case No. 23-50003 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 80-0789171 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (PENN.) LLC | ) | Case No. 23-50004 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1677148 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (VIRGINIA) LLC | ) | Case No. 23-50005 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 30-0848226 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING (OHIO II) LLC | ) | Case No. 23-50006 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-3654081 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOMS KING III LLC | ) | Case No. 23-50007 (AMK) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. No EIN Number | ) | |

# ORDER (I) DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' RELATED CHAPTER 11 CASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) directing procedural consolidation and joint administration of the Debtors' related Chapter 11 Cases; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court being able to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is **GRANTED** as set forth herein.

2. The above-captioned Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 23- 50001 (AMK).

3. The caption of the jointly administered cases shall read as follows:

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 ) |
| TOMS KING (OHIO) LLC, *et al.*,[1] | ) Case No. 23-50001 (AMK) ) (Joint Administration Requested) |
| Debtors. | ) ) Judge Alan M. Koschik ) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's U.S. taxpayer identification number, are: TOMS King (Ohio) LLC (9126); TOMS King LLC (4221); TOMS King (Illinois) LLC (9171); TOMS King (Penn.) LLC (7148); TOMS King (Virginia) LLC (8226); TOMS King (Ohio II) LLC (4081) and TOMS King III LLC (No EIN Number). The Debtors' corporate headquarters is located at 220 N. Smith Street, Suite 305, Palatine, IL 60067.

4. An entry shall be made on the docket of each of the Debtors' cases, other than that of TOMS King (Ohio) LLC, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: TOMS King (Ohio) LLC; TOMS King LLC; TOMS King (Illinois) LLC; TOMS King (Penn.) LLC; TOMS King (Virginia) LLC; TOMS King (Ohio II) LLC; and TOMS King III LLC. The docket in Case No. 23-50001 should be consulted for all matters affecting this case.

5. Nothing contained in the Motion or this Order shall be deemed or construed as directing otherwise effecting consolidation of the above-captioned Chapter 11 Cases.

6. The foregoing caption satisfies the requirements of Bankruptcy Code section 342(c)(1).

7. The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

4

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**SUBMITTED BY:**

*/s/ Richard K. Stovall*
**ALLEN STOVALL NEUMAN & ASHTON LLP**
Thomas R. Allen     (0017513)
Richard K. Stovall   (0029978)
James A. Coutinho   (0082430)
10 W. Broad St., Ste. 2400
Columbus, Ohio 43215
Telephone: (614) 221-8500
Facsimile: (614) 221-5988
Email: allen@ASNAlaw.com
       stovall@ASNAlaw.com
       coutinho@ASNAlaw.com

- and -

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward, *Pro Hac Vice* Admittance Pending
Ericka F. Johnson, *Pro Hac Vice* Admittance Pending
Morgan L. Patterson, *Pro Hac Vice* Admittance Pending
Todd A. Atkinson (    0077374)
William D. Curtis, *Pro Hac Vice* Admittance Pending
1313 North Market Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email:  matthew.ward@wbd-us.com
       ericka.johnson@wbd-us.com
       morgan.patterson@sbd-us.com
       todd.atkinson@wbd-us.com
       will.curtis@wbd-us.com

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

6

23-50002-amk   Doc 3   FILED 01/02/23   ENTERED 01/02/23 14:16:45   Page 15 of 15